MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* GRAY.

4-8012                                    198 S. W. 2d 417

Opinion delivered December 16, 1946.

Rehearing denied January 20, 1947.

*Thomas B. Pryor, H. L. Ponder* and *H. L. Ponder, Jr.,* for appellant.

*Kaneaster Hodges,* for appellee.

SMITH, J.   About 2:30 p. m., March 10, 1945, appellee was walking with two friends on the sidewalk in front of appellant's garage in the city of Newport, when he tripped and fell over a piece of iron pipe extending far enough over the sidewalk to constitute an obstruction of it.   The pipe was partially covered by a car parked against the sidewalk.   Appellee testified that he was unaware of the presence of the pipe, and that he was engrossed in conversation with his companions and did not observe it.   In this suit to recover damages for the injury which appellee sustained, the defense of contributory negligence was interposed, but that issue was submitted to the jury under correct instructions, and is concluded by the verdict of the jury.   Appellee recovered a judg-

ment which is not complained of as being excessive, and from that judgment is this appeal.

The question of appellant's negligence was submitted to the jury on two theories. One was that the pipe had fallen on the sidewalk through appellant's negligence. Upon this issue there was testimony, when viewed in the light most favorable to appellee, as we are required to view it in determining its legal sufficiency, to support the verdict of the jury, to the following effect:

Appellant owned and operated a bus repair shop in the city of Newport, and as an advertisement, and as a means of identifying the business, appellant had placed two iron signs upon the sidewalk in front of its garage, over which sidewalk pedestrians customarily walked, of which appellant was fully advised. The signs were approximately four feet high. The base of each consisted of a circular iron band which rested upon the sidewalk, to which base there was attached a metal pole, fastened to the base by fitting into an opening approximately the size of the pipe in the center of the base. Upon the top of the pole there was a flat, round, iron disc, upon which was the lettering identifying the shop or garage, as that of appellant. There was testimony that the vertical pole supporting the upright disc was fastened to its base in a hole ill-fitted to the pipe, as a result of which the sign frequently toppled over and fell on the sidewalk, where it obstructed the path of pedestrians upon the sidewalk, and that this happened with such frequency that appellant, in the exercise of ordinary care, must have known that the sign was likely to topple over. It was also shown that because of the proximity of the sign to the street, frequently cars parking on the street near the sign, knocked the sign over. It was ordinarily at night when this occurred.

There were two of these signs of identical construction, and the testimony is conflicting as to whether the one which had fallen was in defective condition rendering its use unsafe on that account. This question of fact was submitted to the jury.

Now the sign may not have fallen because of its defective condition. It may have been knocked over by parking a car, and the testimony shows that this frequently happened. But it is insisted that even so, appellant was negligent in permitting the detached pole to lie on the sidewalk, when ordinary care would have disclosed the presence of the pole on the sidewalk, and its danger to pedestrians, and would have caused its removal. This second question of fact was also submitted to the jury.

Appellant insists that the testimony was not sufficient to warrant the submission of either allegation of negligence, and this contention presents the point to be decided. We think, however, there was sufficient testimony to carry both issues to the jury.

On the first allegation of negligence there was testimony that the threads on the pole designed to secure it in the hole into which it fitted, had become worn to the extent that the pole had to be welded, and that after appellee's injury the whole sign was thrown into a junk pile.

Upon the allegation that the presence of the pole was not discovered, and that it was not removed within a reasonable time thereafter, the testimony is to the following effect:

Appellant's landlord who occupied an adjacent building testified that when he went to his place of business early every morning, he frequently noticed that one or both of the signs had been knocked over by a parked car. Appellee's injury did not occur until 2:30 in the afternoon. If therefore, the sign had been knocked down by a parked car and had not fallen because of its defective condition, the jury was warranted in finding that it had been lying on the sidewalk for several hours, and that ordinary care would have discovered its presence. One witness testified that the broken sign was left lying on the walk for a week, after appellee's injury.

920

This testimony was not objected to, but we think it was competent even though an objection to its admission had been made.

In the case of *Collison* v. *Curtner,* 141 Ark. 122, 216 S. W. 1059, cases were cited holding that testimony is incompetent after an accident occurred tending to show that the defect causing the accident and injury was removed, altered, or changed for the purpose of showing negligence. That rule has no application here. The testimony was competent as tending to show that appellant, who had encroached upon the sidewalk, did not use the care a reasonably prudent man would have employed in discovering and removing from the sidewalk an instrumentality under his control which might, and in fact did, imperil the safety of pedestrians using the sidewalk.

These issues were submitted under instructions of which no complaint is made, except that the testimony did not warrant their submission. Finding as we do that the testimony did warrant the submission of these issues to the jury, the judgment must be affirmed, and it is so ordered.